STATE OF MINNESOTA vs. JOHN N. PRIESTER.

June 2, 1890.

Municipal Corporation—Charter—Passage of Ordinances.—A clause
in the charter of the city of Minneapolis providing that no ordinance shall
be passed at the same session at which it is introduced, except by the
unanimous consent of all the members of the council present, *held* not to
require a unanimous vote upon the final passage of the ordinance, but
only unanimous consent that it be put to a vote for its passage.

Same — Ordinance — Sale of Liquor without License.—An ordinance
prohibiting sales of liquor without license, the ordinance not specifying
any quantities, is valid,—certainly as to sales in quantities less than five
gallons.

Same — Who may Question Validity of Ordinance. — One proceeded
against for selling a quantity less than five gallons cannot question the
validity of the ordinance so far as it may apply to sales in quantities of
five gallons and upwards.

Evidence—Sale of Liquor—Order by Telephone.—To prove a sale by
defendant, it is proper to prove that an order was sent by the purchaser,
by telephone, to the establishment of which the defendant was in charge,
and that the article was accordingly sent to the purchaser.

Defendant was tried and convicted in the municipal court of Min-
neapolis on a complaint for selling one case of beer, containing 24
pints, without first having obtained a license therefor, and in viola-
tion of the ordinance mentioned in the opinion. He appeals from
the judgment.

*Thomas Canty*, for appellant.

*L. A. Dunn* and *Albert H. Hall*, for respondent.

GILFILLAN, C. J. The charter of the city of Minneapolis (Sp. Laws
1881, c. 76, *subc.* 4, § 9, p. 439, as amended by Sp. Laws 1885, c. 2,
§ 15,) contains this provision: "No ordinance shall be passed at the
same session, nor at any session occurring less than one week after
the session in which it shall have had its first reading, of the council
at which it shall have been presented, except by the unanimous con-
sent of all the members present, which shall be noted in the record;

but this shall not preclude the passage of ordinances reported by any committee of the council to whom the subject of such ordinance shall have been referred at any previous session." The question raised on this appeal is, does it require that in the case specified the ordinance must have a unanimous vote in its favor, or does it require merely unanimous consent that it may be be read the last time, and put to a vote for its final passage? The section from which we have quoted also provides: "All ordinances and resolutions of the city council shall be passed by an affirmative vote of a majority of all the members of the city council, by ayes and nays, which shall be entered in the records of the council."

We think the purpose of the part of the section first quoted is the same as that of the clause in the constitution requiring bills before the legislature to be read on three different days, unless two-thirds of the house before which they are pending shall deem it expedient to dispense with that rule. It is to prevent over-hasty passage of ordinances, and to secure to the aldermen who may desire to consider a proposed ordinance before being called on to vote upon its passage an opportunity to examine it. In other words, it is to prevent an ordinance being introduced and forced to vote on its passage without giving the members of the council time to be prepared to vote intelligently. Whether they are so prepared, it is, of course, for the members to determine; and, if there is one who feels himself unprepared to vote on the ordinance at the meeting at which it is introduced, his right to time to consider the matter is secured by the power given him to dissent to a proposal to proceed to a vote on its passage at that meeting.

The ordinance for breach of which the defendant was convicted prohibited the sale of spirituous, vinous, fermented, or malt liquor without a license. It does not specify any quantity, but by its terms applies to all sales, in large or small quantities. The defendant urges that, as by its terms it prohibits sales in quantities of five gallons and upwards, and as, by the laws of the state, persons without license may sell in such quantities, the ordinance is in conflict with the general legislative policy of the state, and is therefore void. But, although it be conceded that the ordinance is void so far as it pro-

hibits sales of five gallons and upwards, it does not follow that it is so as applied to sales in smaller quantities. An ordinance may be void so far as it exceeds the authority conferred on the common council, and be good for what is within its authority, where the excess of the act of the council is severable from what it has authority to do. The defendant was charged with selling less than five gallons; and, the ordinance being valid as to such a sale, he cannot raise the question whether it would be void so far as it might be construed to prohibit a sale of the larger quantity. It is not necessary for us, therefore, to decide the proposition he makes.

The evidence was sufficient to sustain the verdict.

There is nothing in the other assignments of error. It was proper to prove that the order was sent by the purchaser, by telephone, to the establishment of which defendant was in charge, and that the beer ordered was sent to the purchaser accordingly.

Judgment affirmed.